```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION
```

UNITED STATES OF AMERICA

vs.                              CRIMINAL NO. 5:02-cr-00005-DCB-FKB-4

MARCUS CARTER PARKER                                         DEFENDANT

## ORDER

This matter comes before the Court on Defendant Marcus Carter Parker's Motion for Reconsideration of Sentencing [ECF No. 162]. Having reviewed the Motion, the record, applicable law and being otherwise fully advised as to the premises, the Court finds and orders as follows:

On May 10, 2022, the Court conducted a change of plea hearing, and Defendant pled guilty to Count 1 of the indictment (conspiracy to commit wire fraud). See Minute Entry dated 5/10/22. A plea agreement and plea supplement were received into evidence and made a part of the record. [ECF No. 131]; [ECF NO. 132](sealed).

On August 9, 2022, the Court held a sentencing hearing for Defendant. See Minute Entry dated 8/9/22. The Court received into evidence the Presentence Investigation Report ("PSI"),

1

which was made a part of the record. [ECF No. 150].  After consideration of the record, including the PSI, the plea agreement and plea supplement, the Court sentenced Defendant to six months of imprisonment on Count 1, to run consecutively with Defendant's undischarged terms of imprisonment in a state court case.  The Court also sentenced Defendant to a three-year term of supervised release.  The Court issued a Statement of Reasons in support of the sentence.  [ECF No. 151] (restricted).  Upon the government's submission of an order of dismissal, the Court dismissed Counts 2 and 3 of the superseding indictment.  [ECF No. 152].  The Court entered judgment on August 24, 2022.  [ECF No. 153].

 Dissatisfied with the Court's sentence, Defendant filed a Motion for Reconsideration of Sentencing [ECF No. 162] on September 6, 2022, which filing was within fourteen (14) days of the entry of judgment.  See United States v. Cook, 670 F.2d 46, 48 (5th Cir. 1982); Federal Rule of Appellate Procedure 4(b).  Defendant's complaint seems to be that the Court ordered his sentence to run consecutively to his state court sentence, rather than concurrently with it.  Citing language from the PSI, Defendant claims that "the government agreed to recommend the Court impose a sentence within the lower 25% of the applicable guideline range and recommend that the sentence be served

2

concurrently with Defendant's state sentence (cause # 57CR:11-cr-000065)." Defendant does not assert in his Motion that the government failed to honor the plea agreement. Instead, Defendant asks the Court to reconsider the sentence imposed.

The Court has conducted a careful review of the signed plea agreement and the signed plea supplement and notes that neither document makes any mention of the government agreeing to recommend a concurrent rather than a consecutive sentence. [ECF Nos. 131 & 132]. The Court further notes that Defendant personally initialed his specific understanding that the agreement did not bind the Court and that the Court was not required to accept the government's sentencing recommendation. [ECF No. 132] at 2(sealed). In addition, Defendant expressly waived "the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, on any ground whatsoever … ." [ECF No. 131] at 5.

In support of his argument, Defendant relies almost exclusively on Santobello v. New York, 404 U.S. 257 (1971). However, Santobello involved a successor prosecutor who recommended a sentence that was contrary to the plea agreement negotiated by his predecessor. Santobello is factually distinguishable from Defendant's case and does not persuade the Court that a change of sentence is warranted on this record.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for Reconsideration of Sentencing [ECF No. 162] is DENIED.

SO ORDERED, this the 3rd day of October 2022.

/s/   David Bramlette
UNITED STATES DISTRICT JUDGE
